UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

KEYAIRA ANTHONY, individually and on behalf of all others similarly situated, Plaintiff, v. [TO BE DETERMINED: Individual Maryland State Officials in their personal capacities], Defendants. Civil Action No. _____ COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is a civil rights action arising from the State of Maryland's publication of a confidential juvenile court opinion containing Plaintiff's mental health diagnoses, hospitalization records, and allegations of child abuse—materials that were legally required to remain sealed under both Maryland law and federal child welfare confidentiality statutes.

2. Rather than fulfilling its statutory and constitutional obligations to protect sensitive information gathered during Child in Need of Assistance ("CINA") proceedings, the State of Maryland—through its judicial system—affirmatively published the document on its official court website, where it remained publicly accessible for years.

3. The document was indexed by internet search engines and could be located through a simple search of Plaintiff's name, exposing her to severe emotional trauma, reputational harm, and an ongoing invasion of privacy.

4. This breach was not the result of a technical error or isolated oversight. It represents a systemic failure to comply with automatic sealing laws, a disregard for Plaintiff's privacy rights under the Fourteenth Amendment, and a broader breakdown in the State's duty to safeguard juvenile records.

5. Upon information and belief, this is the first reported case in which a state government knowingly hosted and maintained public access to confidential juvenile CINA records involving mental health and abuse history, via a state-run, publicly searchable digital platform.

6. Plaintiff brings this action individually and on behalf of a class of similarly situated individuals whose confidential CINA records were also unlawfully published or failed to be sealed, seeking compensatory, punitive, and injunctive relief.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) for civil rights actions seeking redress for deprivations of constitutional rights under color of state law.

9. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from a common nucleus of operative fact with the federal claims.

10. Venue is proper in the District of Maryland under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendants are state officials employed in Maryland.

## III. PARTIES

11. Plaintiff Keyaira Anthony is an adult resident of Montgomery County, Maryland. During her minority, she was the subject of a Child in Need of Assistance ("CINA") proceeding in the Circuit Court for Anne Arundel County, Maryland. She brings this suit after discovering on May 6, 2025, that her confidential juvenile court opinion was publicly accessible online through a Maryland state-operated website.

12. Defendants are Maryland state officials and employees whose identities are currently unknown. These include, but are not limited to, court clerks, judicial administrative staff, and information technology personnel employed by the Maryland Judiciary who were responsible for publishing, reviewing, or failing to seal Plaintiff's CINA opinion.

13. Plaintiff will amend this complaint to substitute the names of individual Defendants once they are identified through discovery.

IV. STATEMENT OF FACTS

14. During her minority, Plaintiff Keyaira Anthony was the subject of a Child in Need of Assistance ("CINA") proceeding in the Circuit Court for Anne Arundel County, Maryland. The case involved allegations of abuse and neglect and resulted in the creation of a confidential juvenile court opinion by the Maryland Court of Special Appeals (now Appellate Court of Maryland).

15. The opinion contained highly sensitive information, including Plaintiff's mental health diagnoses, psychiatric hospitalization history, and abuse-related findings—material that is presumptively confidential and protected from public disclosure under Maryland law and federal child welfare statutes.

16. Maryland law has long required that juvenile court records—including CINA opinions—be sealed from public inspection, with no requirement for a court order. These records are to be automatically sealed when the child reaches the age of 21 or the case is otherwise concluded, pursuant to Md. Code, Courts & Judicial Proceedings § 3-828.

17. Plaintiff turned 21 in July 2016. Under Maryland law, her CINA records, including any appellate opinions referencing abuse or mental health evaluations, should have been sealed by that date, without any action required by Plaintiff or her counsel.

18. However, the State of Maryland, through its court system, failed to seal Plaintiff's opinion. The document remained publicly accessible on a state-operated website for years after Plaintiff's 21st birthday.

19. On or about May 6, 2025, Plaintiff discovered that the document was still publicly available. The discovery was made by the father of her child, who located the document by performing a simple internet search of Plaintiff's name and location. The court opinion appeared in the search results and was accessible in full without any restriction.

20. The document disclosed Plaintiff's identity, diagnostic history, hospitalization details, and sensitive family circumstances. It contained stigmatizing material that had never been redacted or anonymized.

21. The document remained available at the following URL, hosted by the Maryland Judiciary's official website: https://www.courts.state.md.us/sites/default/files/unreported-opinions/1421s13.pdf. The link was publicly accessible through a simple Google search of Plaintiff's name and location, and the opinion could be downloaded without restriction for years. A true and correct copy of the document is attached as Exhibit A.

22. Plaintiff had never authorized the publication or disclosure of this information. No notice was provided to her when the opinion was published or indexed by search engines, and no effort was made

by the State of Maryland to safeguard her privacy.

23. The unauthorized public disclosure of this information caused Plaintiff severe emotional distress, reputational damage, social isolation, and vulnerability to harassment. These harms were compounded by the malicious use of the document by the individual who discovered it.

24. In 2021, the Maryland General Assembly passed House Bill 83 (2021 Md. Laws ch. 251), which amended Md. Code, Courts & Judicial Proceedings § 3-8A-27 to clarify that juvenile records, including appellate opinions, must be automatically sealed when the individual reaches the age of 21 or upon case termination—without the need for a motion or judicial order. This was reaffirmed and expanded through subsequent updates in 2022 and 2023, including provisions to ensure digital records and court opinions in CINA cases are equally subject to confidentiality protections. Despite this, the State of Maryland failed to implement these protections in Plaintiff's case, leaving her confidential CINA opinion publicly accessible in violation of both the prior and updated legal framework.

25. Upon information and belief, multiple CINA opinions remain improperly published in Maryland's public case archives, indicating a systemic breakdown in compliance with state and federal privacy protections.

26. Plaintiff has been unable to obtain stable employment and has experienced repeated rejection from jobs for which she was qualified—suspected to be due in part to the online availability of the unsealed CINA opinion. She has suffered from isolation, reputational harm, and long-term psychological effects stemming from the disclosure. As a result of this sustained public exposure, she believes she must relocate outside of Maryland and change her name to have a chance at a normal life, free from the lasting impact of the state's failure to protect her privacy.

V. FEDERAL CLAIMS

Count I: Violation of Fourteenth Amendment Right to Informational Privacy (42 U.S.C. § 1983)

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

27. Defendants, acting under color of state law, published and maintained public access to an appellate court opinion from Plaintiff's CINA case that disclosed her identity, mental health diagnoses, hospitalization history, and abuse-related findings.

28. The Fourteenth Amendment to the United States Constitution protects the right to informational privacy, including the right to prevent the government from disclosing highly personal medical, psychological, and abuse-related information without consent or compelling justification.

29. Defendants' conduct constituted an egregious violation of Plaintiff's substantive due process rights by affirmatively exposing her protected information to the public for years through a state-managed website.

30. Defendants acted with deliberate indifference to Plaintiff's constitutional rights, justifying an award of compensatory and punitive damages under 42 U.S.C. § 1983.

Count II: Violation of Fourteenth Amendment Equal Protection Clause (42 U.S.C. § 1983)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. Maryland law requires that CINA records be automatically sealed—and, when necessary, redacted—once a child turns 21 or the case concludes. In other cases, the State applied these

protections by removing public access and redacting sensitive personal information.

33. However, in Plaintiff's case, Defendants failed to take either step. The State left Plaintiff's identity and private details fully exposed, while protecting similarly situated individuals. This unequal treatment lacks any rational basis and constitutes a violation of the Equal Protection Clause.

Count III: Violation of the Child Abuse Prevention and Treatment Act (CAPTA) (42 U.S.C. § 5106a – Supplemental Federal Claim)

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. CAPTA requires states receiving federal child welfare funding to implement procedures that preserve the confidentiality of child abuse and neglect records, and to prohibit the public disclosure of identifying information.

36. Maryland receives CAPTA funding and is therefore required to comply with its confidentiality mandates.

37. Defendants failed to meet these federal requirements by publishing and maintaining Plaintiff's identifying abuse-related records online, in violation of CAPTA and as a condition of federal funding.

38. Plaintiff brings this count to demonstrate the State of Maryland's systemic noncompliance with federally mandated confidentiality standards, which contributed directly to the harm she suffered.

Count IV: Supervisory Liability and Failure to Train or Monitor (42 U.S.C. § 1983)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs.

40. At all relevant times, one or more Defendants held supervisory roles within the Maryland Judiciary and were responsible for overseeing the publication, redaction, and sealing of court records, including CINA appellate opinions.

41. These supervisory Defendants had actual or constructive knowledge of Maryland's statutory obligations to automatically seal and protect juvenile records from public inspection, and of updated legislation in 2021 through 2023 that reaffirmed and clarified these duties.

42. Despite this knowledge, supervisory Defendants failed to implement adequate policies, oversight mechanisms, or training programs to ensure that CINA records were properly sealed and redacted in accordance with both federal and state law.

43. Supervisory Defendants also failed to audit or remove improperly accessible juvenile records after concerns had been raised publicly and legislatively about noncompliance across Maryland's judicial system.

44. These failures amount to deliberate indifference to the constitutional and statutory rights of affected individuals and created the conditions under which Plaintiff's confidential CINA opinion was unlawfully disclosed.

45. As a direct and proximate result of Defendants' supervisory misconduct and systemic neglect, Plaintiff suffered constitutional violations, emotional harm, reputational damage, and heightened exposure to harassment.

VI. STATE LAW CLAIMS

Count V: Violation of Maryland Juvenile Confidentiality and Sealing Statutes

46. Plaintiff realleges and incorporates by reference all preceding paragraphs.

47. Maryland law mandates the confidentiality and sealing of juvenile records, including CINA appellate opinions, without the need for a court order.

48. Defendants violated these laws by failing to seal or remove Plaintiff's appellate opinion after she reached the age of 21, despite being legally obligated to do so.

49. Plaintiff suffered reputational injury, emotional distress, and vulnerability to retaliation as a direct result of this statutory violation.

Count VI: Negligence Under Maryland Law

50. Plaintiff realleges and incorporates by reference all preceding paragraphs.

51. Under Maryland law, state officials and employees have a ministerial duty to comply with statutory requirements related to the confidentiality and sealing of juvenile records, including those in CINA proceedings.

52. Defendants breached this duty by negligently failing to seal, redact, or otherwise protect Plaintiff's sensitive personal information in accordance with Md. Code, Cts. & Jud. Proc. §§ 3-828 and 3-8A-27.

53. Defendants either knew or should have known that their actions—specifically, publishing and maintaining a publicly accessible opinion disclosing Plaintiff's identity, mental health diagnoses, and abuse history—would cause foreseeable harm.

54. As a direct and proximate result of this negligence, Plaintiff suffered significant emotional distress, reputational damage, and ongoing privacy violations.

55. Plaintiff seeks compensatory damages for the harm caused by Defendants' breach of their duty under Maryland law.

Count VII: Violation of the Maryland Confidentiality of Medical Records Act (Md. Code, Health-Gen. § 4-301 et seq.)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs.

57. The Maryland Confidentiality of Medical Records Act (MCMRA) prohibits the disclosure of a person's medical records, including mental health and hospitalization information, without the patient's written authorization or a specific statutory exception.

58. The CINA appellate opinion published by the State of Maryland contained Plaintiff's confidential medical records, including psychological evaluations, mental health diagnoses, and hospitalization history — information protected under MCMRA.

59. No authorization was provided by Plaintiff, and no statutory exception permitted the publication or public dissemination of her protected medical records on a government-operated website.

60. The Defendants, acting under color of state law and within the scope of their official duties, knowingly or negligently permitted these records to be published and remain accessible to the general

public for years, in direct violation of MCMRA.

61. As a direct and proximate result of this unauthorized disclosure, Plaintiff suffered significant emotional distress, reputational harm, and ongoing privacy violations.

62. Plaintiff seeks compensatory damages, and such other relief as the Court deems just and proper, for Defendants' violation of the Maryland Confidentiality of Medical Records Act.

VII. CLASS ACTION ALLEGATIONS

63. Plaintiff brings this action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

64. The proposed class consists of all individuals who were the subject of a Child in Need of Assistance ("CINA") proceeding in Maryland and whose court records, including appellate opinions, were publicly disclosed or published without sealing, redaction, or appropriate confidentiality protections, in violation of Maryland law, federal law, or both.

65. The precise number of class members is presently unknown but is believed to be in the dozens or potentially hundreds, based on the public availability of multiple unsealed CINA appellate opinions. The class is so numerous that joinder of all members is impracticable.

66. Common questions of law and fact predominate over any individual issues and include, but are not limited to:

a. Whether Maryland officials had a duty to seal or redact CINA appellate records;

b. Whether those duties were violated;

c. Whether the State's failure to protect the confidentiality of juvenile and medical records constituted a violation of federal or state law;

d. Whether class members suffered harm as a result; and

e. The appropriate measure of damages and injunctive relief.

67. Plaintiff's claims are typical of the claims of the class because she suffered the same injury — the unauthorized disclosure of confidential juvenile and medical records — resulting from the same unlawful conduct by Defendants.

68. Plaintiff will fairly and adequately protect the interests of the class. She has no conflicts with other members and will retain counsel competent to represent the class in complex constitutional and privacy litigation.

69. Class certification is appropriate under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class as a whole, such that injunctive and declaratory relief is appropriate for the entire class.

70. Alternatively, class certification is appropriate under Rule 23(b)(3) because the common legal and factual questions identified above predominate over any questions affecting only individual members, and a class action is the superior method for fairly and efficiently adjudicating the controversy.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and grant the following relief:

A. Declaratory Relief: Declare that Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment and statutory rights under federal and Maryland law by unlawfully disclosing confidential juvenile, medical, and abuse-related records;

B. Compensatory Damages: Award compensatory damages to Plaintiff and class members in an amount to be determined at trial for emotional distress, reputational harm, and other injuries resulting from the disclosure of confidential information;

C. Punitive Damages: Award punitive damages against individual Defendants for willful, malicious, or reckless disregard of Plaintiff's constitutional and statutory rights;

D. Injunctive Relief: Issue injunctive relief requiring the sealing, redaction, and permanent removal of all publicly accessible CINA opinions or juvenile records published in violation of state or federal law;

E. Ongoing Access Restrictions: Order the Maryland Judiciary to audit and permanently restrict access to all improperly published CINA opinions to prevent further harm to Plaintiff and class members;

F. Confirmation of Current Risk: Declare that, as of the filing of this Complaint, Plaintiff's confidential CINA opinion and similar documents remain publicly accessible and continue to pose a present and ongoing risk of harm;

G. Attorneys' Fees and Costs: Award reasonable attorneys' fees and litigation expenses under 42 U.S.C. § 1988 and applicable state law;

H. Other Relief: Grant such other and further relief as this Court deems just and proper.

IX. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

EXHIBIT A

Publicly available CINA opinion disclosing Plaintiff's confidential medical and abuse-related records, retrieved from the Maryland Judiciary's website at the following link:

https://www.courts.state.md.us/sites/default/files/unreported-opinions/1421s13.pdf

Respectfully submitted,

/s/ Keyaira Anthony
Keyaira Anthony
Plaintiff, Pro Se
12936 Ethel Rose Way
Boyds, Maryland 20841
Montgomery County, MD
anthonykeyaira7@gmail.com
240-203-0913

Dated: May 28, 2025