**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEYAIRA ANTHONY,
*Plaintiff*,

v.

GREGORY HILTON, *et al*.,
*Defendants*.

Civil Action No.
25-cv-1705-ABA

**MEMORANDUM OPINION**

Plaintiff Keyaira Anthony initiated the above-captioned case against various current and former employees of the Appellate Court of Maryland as well as the State of Maryland for various federal and state claims arising from the publication of a juvenile court opinion containing Plaintiff's personal information. ECF No. 8. Defendants have filed a motion to dismiss the second amended complaint or alternatively to grant summary judgment. ECF No. 25. After briefing on that motion was completed, Plaintiff filed a motion for leave to file a surreply to the motion, which Defendants oppose. ECF Nos. 33 & 34. For the reasons that follow, Plaintiff's complaint will be dismissed without prejudice.

## I. BACKGROUND[1]

Plaintiff is currently an adult; however, when she was a minor, she was the subject of a Child in Need of Assistance ("CINA") proceeding in the Circuit Court for

[1] For purposes of Defendants' motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (citation omitted).

Anne Arundel County, Maryland. ECF No. 8 ¶¶ 11, 14. One of the court opinions related that case contained sensitive information regarding Plaintiff. *Id.* ¶¶ 14–15.

Under Maryland law, all court records relating to a child in a CINA case "shall be confidential and their contents may not be divulged, by subpoena or otherwise, except by order of the court on good cause shown." Md. Code Ann., Cts & Jud. Proc. § 3-827(a)(1). Therefore, "[o]n its own motion or on petition, and for good cause shown, the court[] [m]ay order the court records of a child sealed; and [s]hall order them sealed after the child has reached the age of 21." *Id.* § 3-827(b)(1). Plaintiff turned 21 years old in July 2016; however, on or about May 6, 2025, Plaintiff discovered that a 2015 court opinion by the Appellate Court of Maryland (then the Court of Special Appeals of Maryland) was publicly available when the father of her child located the document while performing a simple internet search of her name and location. ECF No. 8 ¶¶ 17, 19, 20. As of the date of this Opinion, the document is still publicly available via the link provided by the Plaintiff. *Id.* ¶ 21.

Plaintiff does not allege that she has ever filed a petition or a motion to seal in the Circuit Court for Anne Arundel County or in the Appellate Court of Maryland to have the court opinion and any other related CINA records sealed. She argues that CINA and other related statutes required that her records be "automatically sealed" when she turned 21 and thus argues that the Appellate Court of Maryland has violated various federal and state laws. *Id.* ¶¶ 16, 24, 26–62.

## II. DISCUSSION

Court records relating to a child in a CINA case must be sealed after the child turns 21 years of age either "on [the court's] own motion *or* on petition." Md. Code Ann.,

Cts. & Jud. Proc. § 3-827(b)(1) (emphasis added).[2] CINA defines "court" as "the circuit court for a county sitting as the juvenile court." *Id.* § 3-801(i). Plaintiff asserts claims solely against the Appellate Court of Maryland, its officials, and the State of Maryland—not against any circuit court. ECF No. 8.

Plaintiff's complaint asserts federal and state claims based on an alleged failure to seal her records pursuant to the CINA statute or broad references to Maryland law. *See id.* ¶¶ 32, 48, 52. In her response to Defendants' motion to dismiss, she asserts that "§ 3-827 [i]s [n]ot the [g]overning [a]uthority" and asserts various Maryland Rules not mentioned in the complaint that she contends requires the Appellate Court to automatically seal her records. ECF No. 27 at 20–21.[3] In 2015, when the opinion that Plaintiff wishes to seal was issued, Maryland Rule 8-121 required that the proceeding caption be written as "In re ____ (first name and initial of last name of child)" and stated that "[t]he last name of the child shall not be used in any opinion, oral argument, brief, record extract, petition, or other document pertaining to the appeal that is generally available to the public." Md. Rule 8-121(b)–(c) (2015) (amended 2017). In

[2] Plaintiff's complaint alleges that her "records are to be automatically sealed when the child reaches the age of 21 or the case is otherwise concluded, pursuant to Md. Code, Courts & Judicial Proceedings § 3-828." ECF No. 8 ¶ 16. Section 3-828 has to do with "[a]cts or omissions of adult causing child in need of assistance," rather than the confidentiality of records, which appears in § 3-827. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-827, 3-828. Therefore, the Court, like Defendants, *see* ECF No. 25-1 at 19–20, will assume that the proper CINA statute Plaintiff is referring to is § 3-827. Plaintiff also refers to Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27; however, that subtitle only applies to "Children Other than [CINAs]" and therefore does not apply to Plaintiff's complaint. *See* ECF No. 8 ¶ 24.

[3] Although Plaintiff did not assert these Rules as the basis for her claims in her second amended complaint and thus, they are arguably waived, given that the Rules do not change the Court's outcome, the three Maryland Rules will be considered.

2016, this Rule was amended requiring that actions commenced after April 1, 2017 are to be captioned as "In re A.B. (initial of the child's first name and initial of child's last name)" and states that "[t]he name of the child, . . . other than their initials, shall not be used in any opinion, oral argument, brief, record extract, petition, or other document pertaining to the appeal that is generally available to the public." Md. Rule 8-121(b)–(c) (2026); Rules Order at 3 (Dec. 13, 2016), https://www.mdcourts.gov/sites/default/files/rules/order/191ro.pdf [https://perma.cc/9VHD-E6PF]. Although the Rules Order only required the amended Rule 8-121 be applied to actions commenced on or after April 1, 2017, it allowed for its application "insofar as practicable, to all actions then pending." Rules Order at 3. The Rules Order does not mention if or how the amended Rule is to be applied to actions that concluded prior to April 1, 2017.

Under Maryland Rule 11-203, "[a]ll court records in CINA proceedings pertaining to a child are confidential and may not be disclosed . . . except by order of court." Md. Rule 11-203(a). "On motion, petition, *or* on its own initiative, . . . the court may order the court records of a child sealed and shall order them sealed after the child has reached the age of 21." *Id.* 11-203(b)(1) (emphasis added).

The statutes and rules upon which Plaintiff bases her claims require a motion or petition either by the court or by a party in order to seal or redact court records. While the statutes and rules permit courts to initiate such sealing on their own initiative, there is nothing that indicates that such sealing is "automatic" or that a court is *required* to initiate such sealing in the absence of a request that it do so. The statutes provide that such sealing can also be done based on a motion or petition, which must be granted

after the child has turned 21. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-827 (b)(1); Md. Rule 11-203(b)(1).

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998)). "Because ripeness is a Constitutional limitation on federal court jurisdiction, ripeness presents the threshold question whether a claim is justiciable." *Whitaker v. Monrow Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022) (citations omitted). "A case is not ripe for judicial determination 'if the plaintiff has not yet suffered injury and any future impact remains wholly speculative.'" *Id.* (quoting *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013)). Conversely, "a case is ripe for judicial decision when the 'controversy is final and not dependent on future uncertainties.'" *Id.* (quoting *Doe*, 713 F.3d at 758). "The plaintiff bears the burden of establishing ripeness." *Id.* (citing *Doe*, 713 F.3d at 758). Plaintiff does not allege that she has filed such a motion or petition in the Circuit Court for Anne Arundel County or the Appellate Court of Maryland that was improperly denied and as such has not asserted an injury from this denial in order to meet the burden of establishing that she has a claim that is ripe for review.[4]

---

[4] In light of the Maryland Rules that Plaintiff raised in her response to the motion to dismiss, this Court need not decide whether the Appellate Court of Maryland constitutes a "court" subject to the CINA confidentiality rules in the statute. Further, because Plaintiff has failed to assert that she has followed the procedures required in the statutes and rules that she relies upon, the Court need not decide whether an unreported opinion constitutes a "court record" subject to the sealing rules. Should Plaintiff later seek to file

Even if Plaintiff had sufficiently asserted an injury based on the alleged harm of having the Appellate Court opinion publicly available in order to meet the ripeness requirement, she lacks standing as she has not established that any injury is fairly traceable to the Defendants' conduct. "To have Article III standing, [a plaintiff] must be able to show that (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Doe*, 713 F.3d at 753 (citing *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006)). "Traceability is established if it is 'likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court.'" *Id.* at 755 (quoting *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000)). Because none of the statutes or rules that Plaintiff bases her case upon *require* the Appellate Court rather than an interested party, like Plaintiff, to file the petition to seal the court records, any injury to Plaintiff is not traceable to the court's actions.

Finally, Plaintiff's complaint fails to state a claim upon which relief can be granted for two reasons. First, Plaintiff's references to Maryland Rule 8-121, which requires the anonymizing of the case caption rather than the sealing of the opinion as a

---

a new complaint in this Court after following the procedures available to her described above, she is instructed that any bases for her claims must be asserted in the complaint, not in a response brief to a motion. *See* Fed. R. Civ. P. 8.

Although generally § 1983 cases should not be dismissed based on a failure to exhaust state administrative remedies, *see Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 500 (1982), Plaintiff's failure here is different. She has failed to allege an injury, or that her case is "not dependent on future uncertainties" such as whether her petition to seal will be granted, in order to establish a ripe claim. *Whitaker*, 42 F.4th at 206.

whole, fails to explain how the Appellate Court of Maryland following the rule that was effective as of the date of the opinion constitutes a cognizable claim. To the extent that Plaintiff relies on the amended rule that was issued two years after the opinion at issue was filed, she has not alleged that she has made any such motion before the Appellate Court that was denied without good cause or any other basis upon which the Appellate Court acted improperly in not retroactively applying a rule that does not explicitly require retroactive application. Therefore, Plaintiff has failed to state a claim that the Appellate Court violated Maryland Rule 8-121, and, to the extent she alleges a failure to update her record for the amendment of the rule, although it does not require retroactive application, she has failed to establish that her claim is ripe for review as there has been no allegation of a denial of this request. Second, Plaintiff's claims fail because she has not shown that Defendants had any duty to, on their own in the absence of a motion or petition, seal Plaintiff's records. All the statutes and rules that Plaintiff relies upon require that *if* a child subject to a CINA case has reached twenty-one years of age and *if* a motion or petition to seal the court records has been filed, then those records must be sealed. The rules, at most, prohibit the court from denying the motion or petition if those qualifications have been met; they do not create a duty for a court to initiate said procedure on its own. Without any duty, Plaintiff's complaint fails to state a claim on which relief can be granted.

As Plaintiff has failed to meet her burden of establishing that her claim is ripe for review, this Court lacks subject matter jurisdiction to consider the merits of any of her claims.

## III. CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss will be granted and the complaint will be dismissed without prejudice. Plaintiff's motion for leave to file a surreply will be denied as moot. A separate order follows.

Date: August 20, 2026

***/s/***
Adam B. Abelson
United States District Judge